# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHAUN ROBERT GOULDING,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY HOPKINS, WENDOVER NUGGET OPERATOR, WENDOVER RESORTS OPERATOR, INTREPID WENDOVER NUGGET, MAVERICK WENDOVER and GENERATION 2000,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:19-cv-00957<br><br>Magistrate Judge Dustin B. Pead |

The parties have consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 22.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Currently pending is Plaintiff's Motion to Remand and Motion to Strike Defendant's Consent to Removal.[1] (ECF No. 10; ECF No. 14.) Upon review, the court elects to determine the motions on the basis of the written memoranda and concludes that oral argument is not necessary. *See* DUCivR 7-1(f).

---
[1] Plaintiff has not filed a reply memorandum in support of his Motion to Strike and the time within which to do so has expired. *See* DUCivR 7-1(b)(3)(B).

**INTRODUCTION**

On October 31, 2014, Plaintiff Shaun Robert Goulding ("Plaintiff" or "Mr. Goulding") was physically assaulted and injured by Defendant Jeffery Hopkins ("Defendant Hopkins" or "Mr. Hopkins"), an assistant security manager at the Wendover Nugget Hotel and Casino in Wendover, Nevada.[2] (ECF No. 2-2, ¶ 9.)

On October 31, 2019, Mr. Goulding filed an action in the Third District Court for the State of Utah ("State Court") against Mr. Hopkins, Wendover Nugget Operator, LLC ("Wendover Nugget"), Wendover Resorts Operator, LLC ("Wendover Resorts"), and Intrepid Wendover Nugget, LLC ("Intrepid") asserting claims for assault, battery and respondent superior. (ECF No. 5-1.) Plaintiff later filed an amended pleading adding Defendants Maverick Wendover, LLC ("Maverick") and Generation 2000, LLC ("Generation 2000") as well as a claim for successor liability. (ECF No. 2-2; ECF No. 5-2.)

On December 4, 2019, Wendover Nugget, Wendover Resorts, Intrepid and Maverick ("Removal Defendants") filed a Notice of Removal, removing Plaintiff's action, based on diversity jurisdiction, to the United States District Court, District of Utah ("Federal Court"). (ECF No. 2); *see* 28 U.S.C. § 1441, 28 U.S.C. § 1332(a). Shortly thereafter, Mr. Goulding filed motions to strike and remand the case back to State Court on the grounds that neither Defendant Hopkins nor Generation 2000 had timely consented to, or joined in, removal as required by statute. (ECF No. 10; ECF No. 14.)

## **LEGAL STANDARDS**

A defendant may remove a civil action from state court where the federal court would have original jurisdiction and all defendants consent to the removal. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also Wise Dep't. of Corr. v. Schact,* 524 U.S. 381, 393, 118 S. Ct. 2407, 141 L. Ed. 2d 364 (1998); *Huffman v. Saul Holdings Ltd. Pshp.,* 194 F.3d 1072, 1076 (10th Cir. 1999). Federal removal statutes should be "strictly construed" with all doubts "resolved against removal." *Bachman v. Fred Myer Stores, Inc.,* 402 F. Supp. 2d 1342, 1345 (10th Cir. 2005); *cf. Tresco, Inc. v. Cont'l. Cas. Co.,* 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010) ("[s]trict construction and resolving doubts against removal does not mean the courts should be hostile to the Congressionally created right to removal . . . .").

It is the removing party's burden to establish that removal is proper "by a preponderance of the evidence" and an objecting plaintiff may motion for remand back to the state court. *McPhail v. Deere & Co.,* 529 F.3d 947, 953 (10th Cir. 2008). In general, there are two types of improperly removed cases "those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself." *Huffman*, 194 F.3d at 1077.

---

[2] At this stage, the court accepts all well-pleaded facts as true.

## PROCEDURAL REQUIREMENTS

In a civil action removed under § 1441(a), "all defendants who have been properly joined and served must join in or consent to removal of the action." 28 U.S.C. § 1446(2)(A). This requirement is generally referred to as the "unanimity rule". *Jarvis v. FHP of Utah, Inc.,* 874 F. Supp. 1253, 1254 (D. Utah 1995) ("each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty-day period allowed."). Unanimity, however, is excused under two circumstances: "First, a nominal or formal party is not required to join in the petition for removal. Second, a defendant who has not yet been served with process is not required to join." *May v Bd. of County Comm'rs for Cibola County,* 945 F. Supp. 2d 1277, 1296 (D.N.M. 2013) (*quoting Brady v. Lovelace Health Plan,* 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007)).

The procedure for removal is as follows:

**(b) Requirements; generally**

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2) (A) When a civil action is removed solely under section 1441 (a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even

4

though that earlier-served defendant did not previously initiate or consent to removal.

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1-3). Thus, in a multi-defendant case, each defendant has thirty days to file a notice of removal after receipt of a copy of the pleading setting forth the claim for relief upon which the action is based. *Id.* (b)(2)(B). In turn, where multiple defendants are served at different times, the rule provides that where a later-served defendant files a notice of removal, an earlier-served defendant may still consent to removal even if the earlier-served defendant did not previously seek removal. [3] *Id.* (b)(2)(C).

## ANALYSIS

Mr. Goulding argues neither Mr. Hopkins nor Generation 2000 timely consented or joined in removal and therefore remand to State Court is appropriate. However, for the reasons set forth herein, the court disagrees.

**1. Generation 2000 Had Not Been Served When The Notice of Removal Was Filed.**

Wendover Nugget, Wendover Resorts and Intrepid were served with a summons and complaint on November 6, 2019, and Maverick was served on November 19, 2019. (ECF No. 2-

---

[3] Section 1446(b) was amended December 7, 2011. As part of that amendment, the last served rule was codified at subsection (B) as well as subsection (C), allowing for earlier served defendants to consent to a later served defendants notice of removal. These amendments were adopted by Congress and became effective on January 6, 2012. *See* Federal Courts, Jurisdiction and Venue Clarification Act of 2011 ("JCVA"), Publ L. No. 112-63 § 203(b), 125 Stat. 758 (Dec. 7, 2011); *see also Silli v. Meiniger*, 2012 U.S. Dist. LEXIS 39673 *3-8 (D. Colo. Mar. 23, 2012) (explaining confusion and split in circuits created by the pre-amendment "first-served" rule); *Delalla v. Hanover Ins.,* 660 F.3d 180, 182 (3rd. Cir. 2011) ("Courts have split in interpreting this thirty day limitation: the Fourth and Fifth Circuits have held that the thirty day period ends thirty days after the first defendant is served (the 'first-served' rule), and the Sixth, Eighth, Ninth and Eleventh Circuits have held that each defendant has thirty days after that defendant is served (the 'later-served' rule)").

1, Exhibit A.) Thereafter, Removal Defendants collectively filed their Notice of Removal on December 4, 2019. (ECF No. 2.) At that time, there was no indication that Generation 2000 had been served. (ECF No. 2; ECF No. 19-4, Exhibit D; *Affidavit of Matthew A. Jones*.) Indeed, Generation 2000 was not served until December 12, 2019. However, one day after service, on December 13, 2019, Generation 2000 filed its consent to removal. (ECF No. 7; ECF No. 19-1, Exhibit A; *Affidavit of Kathy Hernandez*.)

Because Generation 2000 was not served until December 12, 2019, its consent to removal was not required when Removal Defendants filed their December 4, 2019, Notice of Removal. *See Sheldon v. Khanal,* 502 Fed. Appx. 765, 770 (10th Cir. 2012) (affirming only served defendants are required to consent to removal). Moreover, Generation 2000 filed its consent on December 13, 2019, one day after it was served and well within the thirty-day time period allowed. *See* 28 U.S.C. § 1446(b)(2)(B) (providing each defendant with thirty days to file a notice of removal beginning when that particular defendant is served).

Accordingly, Generation 2000's Notice of Consent is timely and proper.

2. **Mr. Hopkins Timely Filed A Notice Of Consent To Removal.**

28 U.S.C. § 1446(2)(C) provides:

> If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(2)(C). While the timeframe for consenting to removal under the earlier served rule is not specifically prescribed, some courts have found that an earlier-served defendant has at least thirty days in which to consent to removal after a later-served defendant has filed a notice of removal. *See May v. Bd. of Cty. Comm'rs for Cibola Cty.,* 945 F. Supp. 2d 1277 (D.N.M.

2013); *see also Gaynor v. Miller,* 205 F. Supp. 3d 935, 941 (E.D. Tenn. 2016) (earlier-served defendant's filing of a notice of consent to removal thirty-eight days after the notice of removal was filed was not prejudicial to plaintiff and therefore permissible); *Pattison v. Nevada ex. rel. Nev. Dep't. of Corr.,* 2014 U.S. Dist. LEXIS 76871 *8-9 (D. Nev. 2014) (finding an earlier served defendant's consent to removal must be filed within thirty days of the filing of the later-served defendants notice of removal); *but see Griffioen v. Cedar Rapids & Iowa City Ry. Co.,* 785 F.3d 1182, 1187 (8th Cir. 2015) (noting the 2011 amendment does "not describe the form of or time frame for consent [to removal] when multiple defendants are involved."); *The Timeliness of Removal and Multiple-Defendant Lawsuits*, 64 Baylor L. Rev. 50, 109 (2012) (discussing ambiguities of amendment's application, including the time allowed for an earlier-served defendant to consent); *but cf., Zambrano v. New Mexico Cor.. Dep't.,* 256 F. Supp. 3d 1179, 1185 (D.N.M. 2017) (concluding "there is no provision in § 1446(b)(2)(C) that states a defendant may consent to a removal at any time after the notice of removal is filed, and Defendants have not directed the Court to any case law standing for the proposition that § 1446(b)(2)(C) authorizes a defendant to consent to removal at any time when the defendant has not complied with the thirty-day deadline contained in § 1446(b)(2)(B).").

On December 31, 2019, Defendants[4] learned for the first time, in conjunction with Plaintiff's Motion to Remand, that Mr. Hopkins was allegedly served on November 7, 2019. (ECF No. 10-1; ECF No. 19-2, Exhibit B; *Affidavit of Daniel Watts*). Prior to that date, Defendants had no knowledge of service on Mr. Hopkins because a return of service was never placed on the court docket, and Defendants' insurer, First Specialty Insurance Corporation

---

[4] Unless specified otherwise, "Defendants" from here forward refers to Removal Defendants and Generation 2000. It does not include Mr. Hopkins, as he continues to be individually referred to as either "Mr. Hopkins" or "Defendant Hopkins".

("First Specialty"), had been unable to contact or locate Mr. Hopkins.[5] *Id.* Yet, immediately upon learning that he was previously served, First Specialty retained, on Mr. Hopkins' behalf, Attorney Heinz Mahler ("Attorney Mahler") who entered a January 3, 2020 consent to removal subject to proof of proper service.[6] (ECF No. 12; ECF No. 13.)

Removal Defendants filed their Notice of Removal on December 4, 2019. (ECF No. 2; ECF No. 7.) Thus, assuming Defendant Hopkins was properly served, and presuming the thirty-day time limit applies to the statue, as an earlier served defendant, Mr. Hopkins' January 3, 2020 consent was within thirty days of removal. 28 U.S.C. § 1446(2)(C). Thus, consent was timely and unanimity is satisfied.

### 3. In The Alternative, The Exceptional Circumstances Exception Applies.

Despite unanimity requirements, the exceptional circumstances doctrine recognizes the existence of "exceptional circumstances [that] might permit removal 'when confronting bad faith efforts to prevent removal.'" *Wagner v. Gov't. Employees Ins. Co.,* 2019 U.S. Dist. LEXIS 24193 *10 (E. D. La. Feb. 14, 2019) (*citing Oritz v. Young,* 431 F. App'x. 306, 307-08 (5th Cir. 2011)). Courts engaging in an exceptional circumstances analysis must consider both plaintiff's conduct as well as defendants' attempts to obtain consent prior to removal. *See Getty Oil Corp. v. Insurance Company of North America,* 841 F.2d 1254, 1263 (5th Cir. 1988). Of note, the exceptional circumstances exception has been recognized by the District of Utah. *See Wise Co. v. Daily Bread*, 2012 U.S. Dist. LEXIS 27442 *9 (D. Utah Feb. 29, 2012) (finding Defendants' equitable arguments persuasive).

---

[5]As set forth in the Affidavit of First Specialty's Claim Expert Daniel Watts, efforts to locate Mr. Goulding continue to be on-going, and at this time he has still not been located. (ECF No. 19-2, Exhibit B, *Affidavit of Daniel Watts*).

[6]Attorney Mahler's appearance and consent to removal clarifies that "if appropriate service of Summons and Complaint was not perfected upon Defendant Jeffery Hopkins, then this Appearance of

8

The court finds the facts of *Wagner v. Gov't Employees Ins. Co.,* strikingly similar to the facts before it and considers the court's ruling instructive. 2019 U.S. Dist. LEXIS 24193. In *Wagner*, plaintiffs Kirsty Wagner and Joseph Corona ("plaintiffs") filed a complaint against Ana Zegada's ("Ms. Zegada"), her auto insurer Government Employees Insurance Company ("GEICO") and her underinsured motorist carrier State Farm Mutual Automobile Insurance Company ("State Farm") (collectively "defendants"). On November 1, 2018, State Farm removed the case to federal court based on diversity jurisdiction. *Id* at *2. Shortly thereafter, plaintiffs filed a motion to remand arguing an absence of unanimity since Ms. Zegada was served on September 22, 2018 but did not join in the removal. *Id.* at *3. In opposition, State Farm asserted that consent was not required because "the record evinced no proof of service" on Ms. Zegada at the time of removal. *Id.* at *5. Further, State Farm noted that it was not until Plaintiffs filed their motion to remand that it become aware of the September 22 service on Ms. Zegada. *Id.*

Based on these facts, the *Wagner* court applied the exceptional circumstances exception to conclude that unanimity was not required. In denying plaintiffs' motion to remand, the court stated:

> The evidence before the Court establishes that even if Plaintiffs did not act in "bad faith," their conduct in delaying filing the Affidavit of Service now has the potential to prejudice State Farm, and this warrants a finding of exceptional circumstances to permit removal. If the Court were to hold that removal was deficient because Plaintiffs delayed in filing the notice of service, then other plaintiffs may be encouraged to evade removal simply by withholding such information. Additionally, State Farm exhibited multiple good faith efforts by trying to obtain consent for all defendants before filing the Notice of Removal. Even after Plaintiffs filed the Affidavit of Service regarding Zegada into

---

Counsel and Consent for Removal shall be considered withdrawn until such time as service of Summons upon Defendant Hopkins has been completed." (ECF No. 13.)

> the record, State Farm continued to attempt to obtain
> Zegada's consent through her insurer GEICO. Yet, at the time
> of this order, Zegada has still failed to enter an appearance in
> the case or prove responsive to attempts to contact her. Thus,
> because State Farm acted on the information before it at the
> time of removal and sought to obtain consent to removal from
> all of the defendants, this Court finds that exceptional
> circumstances permit removal of the instant matter even
> though Zegada has not consented.

*Id.* at \*14-15.

Like *Wagner,* the circumstances of this case warrant application of the exceptional circumstances exception to the unanimity rule. As discussed, Removal Defendants filed their Notice on December 4, 2019. At that time, no proof of service for Mr. Hopkins had been filed with the court, First Specialty was unable to contact or locate Mr. Hopkins to confirm service, and all calls to Mr. Hopkins' last known telephone number were unreturned. (ECF No. 19-2, Exhibit B, *Affidavit of Daniel Watts*; 19-2, Exhibit C; 19-2, Exhibit D, *Affidavit of Matthew A. Jones*). Indeed, it was not until December 31, 2019, when Plaintiff filed his motion to remand, that Defendants learned, for the first time, that Mr. Hopkins was served on November 7, 2019. While the court does not make any findings of bad faith, Mr. Goulding's failure to file the affidavit of service with the court prejudices Defendants such that the exceptional circumstance exception applies and allows for removal. Further bolstering this conclusion are Defendants' reasonable, good faith efforts to obtain consent from all parties prior to filing their Notice of Removal, and First Specialty's appointment of Attorney Mahler who, upon retention, immediately entered Mr. Hopkins' January 3, 2020 Notice of Consent.

## **ORDER**

Accordingly, for the reasons stated above the Court ORDERS as follows:

1. Plaintiff's Motion to Remand is DENIED (ECF No. 10);

2. Plaintiff's Motion to Strike is DENIED (ECF No. 14); and

Consistent with the requirements of the court's Order To Propose Schedule (ECF No. 4), the parties are ORDERED, within seven (7) days from the date of this ruling, to file a stipulated proposed Scheduling Order for entry by the court.

SO ORDERED this 11th day of March 2020.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge